UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

| **DONALD J. TAYLOR,** | No. 18-cv-431 (NLH) (AMD) |
|---|---|
| Plaintiff, | |
| v. | OPINION |
| **BURLINGTON COUNTY JAIL,** | |
| Defendant. | |

APPEARANCE:
Donald J. Taylor, No. 260555
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

   Plaintiff Donald J. Taylor, an inmate presently incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to proceed in forma pauperis[1] to bring a medical care claim against the Burlington County Jail under either the Eighth Amendment, which applies to convicted prisoners, or the Fourteenth Amendment, which applies to pre-trial detainees, pursuant to 42 U.S.C. § 1983. See ECF Nos. 1 (complaint), 1-2 (application to proceed in forma pauperis).

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be

---

[1] The Court will grant Plaintiff's application to proceed in forma pauperis.

1

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend.  28 U.S.C. § 1915(e)(2)(b)(ii).

BACKGROUND

In his Complaint, Plaintiff alleges that on October 15, 2017, he suffered an injury resulting from a wet floor at Burlington County Jail.  ECF No. 1, Compl. at 4.  Specifically, Plaintiff alleges that he was exiting his Unit in the F Wing at Burlington County Jail on the way to see the doctor.  Id. Plaintiff walked past the shower area, which was wet as was the staircase.  Id.  Plaintiff slipped and then slid down approximately six stairs.  Id.  Plaintiff notes that there was a witness to this accident.  Id.  According to Plaintiff, he received "little to no treatment from the medical department" and that he requested to go to the local hospital, which was denied.  Id.  Although Plaintiff states he has an injury, he does not specify the sort of injury he has sustained as a result of the accident.  Id. at 5.  Plaintiff requests compensation for his pain, suffering, medical bills, and loss of employment income.  Id.

STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

3

DISCUSSION

In his Complaint, Plaintiff does not specify the sort of claim that he wishes to bring against the Burlington County Jail. Because Plaintiff seeks compensation for his injuries and also complains about the lack of medical care he received at the facility, the Court will presume Plaintiff seeks to bring a medical claim against Defendant Burlington County Jail. Convicted prisoners are able to bring such a claim under the Eighth Amendment whereas pre-trial detainees must bring such a claim under the due process clause of the Fourteenth Amendment. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir 2003). Plaintiff should identify status as either a pre-trial detainee or a convicted prisoner in any amended Complaint.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Some of the more common situations in which "deliberate indifference" has been found include when the

4

prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment. Id.

Here, Plaintiff fails to allege a serious medical need. In the Complaint, Plaintiff only states that he has an "injury." Such a vague and conclusory allegation fails to provide the sort of detail necessary to assert an Eighth or Fourteenth Amendment medical claim. Furthermore, Plaintiff also fails to allege the requisite state of mind - deliberate indifference - another required element for such a claim. Plaintiff only alleges that he received "little to no" medical treatment and requested to go to the local hospital "to no avail." Compl. at 4. Given Plaintiff's failure to specify any serious medical need to which the Defendant was deliberately indifferent, Plaintiff has failed to state a claim upon which relief may be granted.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice for failure to state a claim, with leave to amend within 30 days of this Opinion and accompanying Order.  An appropriate order follows.


Dated: February 21, 2018          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.